# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE HOLLOWAY,<br><br>                                Petitioner,<br>   vs.<br>JOHN MARSHALL,<br><br>                                Respondent. | CASE NO. 08 CV 0861 JM (AJB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

   Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 1651. Petitioner challenges his 1993 state court conviction for residential burglary, which was used to enhance his sentence following his 2003 conviction for selling and furnishing cocaine base. He contends that he was denied his right to be present at a readback of testimony in the 1993 case. (Pet. at 2-6.) He also admitted that he presented the same claim in a prior federal habeas petition under 28 U.S.C. § 2254 (see Case no. 06cv0226 LAB (PCL) (Doc. no. 29)), and that the court held that he was precluded from collaterally attacking the prior conviction by Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001). (Pet. at 2.) On May 27, 2008, this court dismissed the petition as successive pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner now moves for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 60.

   Under Rule 60(b), a court may grant reconsideration on the grounds of, inter alia, "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1). The "mistake" component of Rule 60(b)(1) allows a court to correct its own error of law. See Kingsvision Pay-Per-View v. Lake Alice

1 | Bar, 168 F.3d 347, 350 (9th Cir. 1999) (citing Liberty Mut. Ins. Co. v. Equal Employment Opportunity
2 | Comm., 691 F.2d 438, 441 (9th Cir. 1982)).  Petitioner argues that the court erred in dismissing his
3 | § 1651 petition because his earlier § 2254 petition was dismissed not on the merits but for a technical
4 | or procedural reason.  (Mot. at 2.)  This argument has no merit.  In Lackawanna County, the Court
5 | held:

> once a state conviction is no longer open to direct or collateral attack in its own right . . . [and] that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04.  Thus, in holding that Lackawanna County precluded Petitioner's claim, the court ruled directly on the merits of the petition.  (See Case no. 06cv0226 at 7-8.)  The court therefore **DENIES** Petitioner's motion to reconsider the May 27, 2008 order.

**IT IS SO ORDERED.**

DATED: August 5, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge